IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:23-CV-69-FL

| | |
|---|---|
| GLOBAL INNOVATIVE CONCEPTS, LLC; A.I. FIRST ALABAMA, LLC; and ALLEN KILGORE, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF FLORIDA, DIVISION OF EMERGENCY MANAGEMENT, <br><br> Defendant. | ORDER |

This matter is before the court upon defendant's motion to stay proceedings pending interlocutory appeal (DE 23). The issues raised have been briefed fully, and in this posture the motion is ripe for ruling. For the following reasons, the motion to stay is granted.

### BACKGROUND

Plaintiffs filed this contract suit February 15, 2023. In their complaint, plaintiffs allege that defendant, a Florida state agency, breached contracts for the purchase of COVID tests in a variety of ways. On March 9, 2023, defendant moved to dismiss plaintiffs' complaint under Federal Rules of Civil Procedure 12(b)(2), (b)(3), and (b)(6).

As part of its motion to dismiss, defendant argued that it possessed sovereign immunity from suit as an agency of the state of Florida. (See Mem. Supp. Def. State of Florida Division Emergency Management's Mot. Dismiss or Transfer Venue (DE 14) ("Br. Supp. Dismiss") 18–

21).[1]  On September 21, 2023, the court denied the motion to dismiss in its entirety, concluding that defendant had waived its sovereign immunity by entering the contracts at issue.  (See Order (DE 20) 13–15).  On October 5, 2023, defendant noticed an appeal of the court's sovereign immunity holding, and filed the instant motion on the same day.

## COURT'S DISCUSSION

Defendant seeks a stay pending its appeal of the court's denial of its sovereign immunity defense.  Plaintiffs argue that a stay is inappropriate under what plaintiffs advance as the applicable legal standard, and that defendant's appeal is frivolous.  The court agrees with defendant on each point.

Generally, a party may properly appeal only a final order or certain interlocutory and collateral orders.  See In re Carefirst of Md., Inc., 305 F.3d 253, 255 (4th Cir. 2002).  Sovereign immunity is an immunity from litigation itself, not a mere defense against damages, whose advantages are lost even if an improper denial of immunity is later reversed.  See, e.g., Fed. Maritime Comm'n v. S.C. State Ports Auth., 535 U.S. 743, 766 (2002).  Thus, a denial of an absolute immunity, such as sovereign immunity, is an immediately appealable collateral order.  E.g., P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 143 (1993); Rux v. Republic of Sudan, 461 F.3d 461, 467 n.1 (4th Cir. 2006).

A district court and a court of appeals should not assert jurisdiction over a case simultaneously.  Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982).  A district court therefore generally must stay proceedings while a party's interlocutory appeal is pending.  See, e.g., Int'l Refugee Assistance Project v. Trump, 961 F.3d 635, 647 (4th Cir. 2020) (granting

---

[1]  Unless otherwise specified, page numbers specified in citations to the record in this order refer to the page number of the document designated in the court's electronic case filing (ECF) system, and not to page numbering, if any, specified on the face of the underlying document.

motion to stay all district court proceedings pending appeal of denial of Rule 12(b)(6) motion). And numerous courts have followed that general rule in the context of an interlocutory appeal raising sovereign immunity defenses. E.g., Indus. Servs. Grp., Inc. v. Dobson, 1:21-cv-90-MR-WCM, 2022 WL 2232473, at *2 (W.D.N.C. June 21, 2022) (collecting numerous cases from within the First, Fourth, Seventh, Eighth, and Eleventh circuits); Pense v. Md. Dep't of Pub. Safety, PWG-17-1791, 2018 WL 11310926, at *1–2 (D. Md. July 26, 2018). Nonetheless, this general rule does not apply when an immunity appeal is frivolous. E.g., Goshtasby v. Bd. of Trs. of Univ. of Ill., 123 F.3d 427, 429–30 (7th Cir. 1997); Eckert Int'l, Inc. v. Gov't of Sovereign Democratic Republic of Fiji, 834 F. Supp. 167, 174–75 (E.D. Va. 1993); Black v. W. Va. State Police, No. 3:22-cv-96, 2023 WL 6850027, at *3 (S.D.W. Va. Oct. 17, 2023) (applying this principle to appeal of qualified immunity ruling).

Although the United States Court of Appeals for the Fourth Circuit has not addressed the standard for frivolity in this context, in closely analogous circumstances it has stated that an interlocutory immunity appeal is frivolous if "in substantive content [it] is wholly lacking in merit" or if it does not in fact involve the substantive issue it purports to raise. See United States v. Head, 697 F.2d 1200, 1204–05 (4th Cir. 1982) (suggesting this standard in assessing frivolity of appeal on double jeopardy immunity from prosecution); Eckert Int'l, Inc., 834 F.Supp. at 174–75 (characterizing standard for frivolity in context of sovereign immunity appeal as "both meritless and substantively inappropriate"). Meanwhile, another district court has collected definitions in another analogous context, such as "so baseless that [the appeal] does not invoke appellate jurisdiction," "so plainly [in]correct that nothing can be said[,]" and "wholly without merit[.]" Black, 2023 WL 6850027, at *3 (collecting these various phrasings from qualified immunity cases).

3

Case 5:23-cv-00069-FL   Document 31   Filed 11/21/23   Page 3 of 6

But whatever the exact phrasing, the frivolity standard is demanding.  An interlocutory appeal is not frivolous merely because the appellant's arguments are "unconvincing" and "contrary to existing precedent[.]"  Eckert Int'l, Inc., 834 F. Supp. at 174–75.  Nor is an appeal frivolous because a district court disagreed with the appellant's arguments in the first instance.  See Dobson, 2022 WL 2232473, at *2–3; cf. Glover v. Hryniewich, 438 F. Supp. 3d 625, 639–42, 643–45 (E.D. Va. 2020) (holding that appeal was not frivolous despite fact that appellant's argument clashed with Supreme Court precedent).

Here, defendant's appeal is narrow, and directed solely to the court's denial of its sovereign immunity defense.  The issues raised by this defense, while rejected by the court, were not substantively inappropriate or so plainly incorrect as to be deemed frivolous. The appeal sits squarely within the category of issues recognized as properly the basis for an interlocutory appeal.  Rux, 461 F.3d at 467 n.1.  The court should therefore stay proceedings.

Plaintiffs advance their point that a stay is improper under two arguments.  The court concludes that each lacks merit.

First, plaintiffs argue that the standard set out in Long v. Robinson, 432 F.2d 977 (4th Cir. 1970), should govern.  (See Pls' Resp. Opp'n Def's Mot. Stay Proceedings Pending Resolution of Interlocutory Appeal (DE 29) ("Br. Opp'n") 2–3).  Long propounded a four-factor standard under which to assess a request for a stay pending appeal.  See id. at 979.  However, Long expressly dealt with a request for a stay of enforcement of a final judgment under Rule 62.  See Fed. R. Civ. P. 62; see generally Long, 432 F.2d 977.  This standard is inapplicable to a request for a stay pending an appeal of a ruling on an immunity from suit, such as qualified, sovereign, or double jeopardy immunity.  E.g., Head, 697 F.2d at 1204–05 (double jeopardy immunity from prosecution); Eckert Int'l, Inc., 834 F. Supp. at 174–75 (sovereign immunity); McFadyen v. Duke Univ., No.

4

1:07CV953, 2011 WL 13134315, at *2 n.2 (M.D.N.C. June 9, 2011) (qualified immunity and public official immunity).

The court acknowledges that Mendez v. Skymax Dominica, S.A., No. 11 Civ. 7548(DLC), 2011 WL 6413608 (S.D.N.Y. Dec. 13, 2011), discussed in the parties' briefs, appears to support plaintiffs' position. (Def. Florida Division Emergency Management's Reply Supp. Mot. Stay Proceedings Pending Appeal (DE 30) ("Reply Br.") 4). However, this case is non-binding, and is no longer good law following Coinbase, Inc. v. Bielski, 599 U.S. 736 (2023). Mendez therefore lends plaintiffs' first argument no real support.

Second, plaintiffs argue that defendant's appeal is frivolous. (See Br. Opp'n 3–5). Plaintiffs' position is essentially a re-presentation of their arguments on the underlying merits question. (See id.). The court agreed with plaintiffs in the first instance. However, this prior conclusion does not render defendant's arguments frivolous, either retroactively or prospectively on appeal. E.g., Dobson, 2022 WL 2232473, at *2; cf. United States v. Leppo, 634 F.2d 101, 103, 105 (3d Cir. 1980) (concluding that transparent bad faith gamesmanship by counsel rendered appeal of double jeopardy immunity ruling frivolous and dilatory); Licea v. Curacao Drydock Co., Inc., 870 F. Supp. 2d 1360, 1368 (S.D. Fla. 2012) (finding appeal of immunity ruling frivolous because district court had not actually ruled on the immunity question yet).

The parties vigorously dispute whether and to what extent Florida may have waived its sovereign immunity by entering the contracts at issue here. After reviewing the parties' arguments presented on defendant's motion to dismiss, the court cannot conclude that defendant's sovereign immunity arguments are frivolous, especially given the strong general presumptions in favor of protecting sovereign immunity. See Sossamon v. Texas, 563 U.S. 277, 284–85 (2011) (noting this strong presumption); Black, 2023 WL 6850027 (posing various formulations for frivolity in this

5

Case 5:23-cv-00069-FL    Document 31    Filed 11/21/23    Page 5 of 6

context); Glover, 438 F. Supp. 3d at 645 (holding that sovereign immunity arguments that clashed with Supreme Court precedent were not frivolous).

In sum, plaintiffs' argument that the Rule 62 standard should apply here is meritless, and the court declines to view defendant's sovereign immunity arguments, and its appeal presenting them for review, as frivolous.

## CONCLUSION

Based on the foregoing, defendant's motion to stay (DE 23) is GRANTED. This action is hereby STAYED until the resolution of defendant's interlocutory appeal.

SO ORDERED, this the 21st day of November, 2023.

_____
LOUISE W. FLANAGAN
United States District Judge